<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MORILLO MARINEZ, | : | **Hon. Faith S. Hochberg** |
| Petitioner, | : | Civil No. 10-4163 (FSH) |
| v. | : | |
| DONALD MEE, et al., | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

    MORILLO MARINEZ, #452051
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065
    Petitioner <u>pro se</u>

    CATHERINE ANTOINE FODDAI, Assistant Prosecutor
    JOHN L. MOLINELLI, BERGEN COUNTY PROSECUTOR
    Bergen County Justice Center
    Hackensack, New Jersey  07601
    Attorneys for Respondents

<u>**HOCHBERG, District Judge**</u>:

    Morillo Marinez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment in the Superior Court of New Jersey, Bergen County, filed on April 11, 2003, and amended on August 16, 2005, after a jury found him guilty of six counts of first-degree aggravated sexual assault, second-degree kidnapping, and six counts of third-degree aggravated criminal sexual contact.  Respondents filed an Answer and, although given time to do so, Petitioner did not file a reply.  For the reasons expressed below, this Court will dismiss the Petition on the merits with prejudice and decline to issue a certificate of appealability.

# I.  BACKGROUND

On March 19, 2002, a jury found Petitioner guilty of second-degree kidnapping, six counts of first-degree aggravated sexual assault, and six counts of third-degree aggravated criminal sexual contact.  By judgment of conviction entered April 11, 2003, the Law Division sentenced Petitioner to an aggregate term of 23 years in prison, with 15.3 years of parole ineligibility.  The pertinent facts, as recounted by the Appellate Division of the Superior Court of New Jersey on direct appeal, are as follows:

> The complaining witness was a new employee of a bar in the Bronx managed by defendant's brother and at which defendant worked as a disc jockey.  The story she told was that defendant had offered to drive her home after her shift and she accepted his offer.  There was another man in the car when she got in, co-defendant Forti, who has never been located or prosecuted.  Instead of driving her home, defendant drove across the George Washington Bridge to a motel.  He and Forti then forced her into a motel room, and both of them sexually assaulted her, Forti apparently being the instigator and prime mover.  They then drove her back over the bridge, she made her way home, showered, and called the police.  Her physical injuries were consistent with the events she related.
>
> Defendant's version was very different.  According to him, the complainant had told him that Forti had offered her $500 for sex and offered him $100 if he would drive them to a hotel.  He did so, he himself did not in any way assault her, Forti refused to pay her, and then he, defendant, took her back home.  His version was substantially corroborated by another employee, the complaining witness's roommate, in whom she had confided respecting her plans when her shift was completed.
>
> The jury evidently accepted the complaining witnesses's testimony, rejecting the defense version, as it was free to do.

State v. Marinez, 370 N.J. Super. 49, 54-55 (App. Div. 2004).

The Appellate Division affirmed the conviction, but modified the sentence on the first-degree conviction from 18 to 15 years, and remanded for reconsideration of the consecutive sentencing.  See Marinez, 370 N.J. Super. at 59-60.  The New Jersey Supreme Court denied

certification on October 21, 2004.  See State v. Marinez, 182 N.J. 142 (2004) (table).  On August 16, 2005, the Law Division re-sentenced Marinez to an aggregate 15-year term, with 12.75 years of parole ineligibility.  [Dkt. 9-4 at 40-41.]  Marinez did not appeal.

On March 3, 2006, Petitioner filed a petition for post-conviction relief in the Law Division.  [Dkt. 9 at 19.]  By order and opinion filed March 28, 2008, Superior Court Judge Harry G. Carroll denied post-conviction relief.  [Dkt. 9-4 at 98-113.]  Petitioner appealed, and in an opinion filed February 3, 2010, the Appellate Division affirmed the order denying post-conviction relief.  See State v. Marinez, 2010 WL 363775 (N.J. Super. Ct., App. Div., Feb. 3, 2010), certif. denied, 202 N.J. 345 (Jun. 3, 2010) (table).  On June 3, 2010, the New Jersey Supreme Court denied certification.  Id.

Petitioner executed the § 2254 Petition on July 26, 2010.  The Clerk received it on August. 13, 2010.  In response to this Court's Order issued pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), on December 21, 2010, Petitioner stated that he wants to proceed with his § 2254 petition as filed.  [Dkt. 4.]  The Petition, as supplemented by Petitioner's Memorandum of Law, raises three grounds:

> Ground One:  PETITIONER WAS DENIED DUE PROCESS TO A FAIR TRIAL BY PROSECUTORIAL MISCONDUCT, WHEREFORE THE WRIT OF HABEAS CORPUS SHOULD BE GRANTED.
>
> Ground Two:  PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT OF A FAIR TRIAL BY AND THROUGH INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, WHEREFORE THE WRIT OF HABEAS CORPUS SHOULD BE GRANTED.

        Ground Three:  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

[Dkt. 2 AT 5 & 7; Dkt. 1 at 15.]

Respondents filed an Answer and a copy of the state court record, arguing that the Petition should be dismissed as time barred and on the merits.  Although given time to do so in the Order to answer, Petitioner did not file a reply to the Answer.

## II.  STATUTE OF LIMITATIONS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

In Gonzalez v. Thaler, __ S. Ct. __, 2012 WL 43513 *9 (Jan. 10, 2012), the Supreme Court clarified that, under § 2244(d)(1)(A),

>   [e]ach prong - the "conclusion of direct review" and the
>   "expiration of the time for seeking such review" - relates to a
>   distinct category of petitioners.  For petitioners who pursue direct
>   review all the way to th[e Supreme] Court, the judgment becomes
>   final at the "conclusion of direct review" - when th[e Supreme]
>   Court affirms a conviction on the merits or denies a petition for
>   certiorari.  For all other petitioners, the judgment becomes final at
>   the "expiration of the time for seeking such review" - when the
>   time for pursuing direct review in th[e Supreme] Court, or in state
>   court, expires.

Gonzalez at *9.

In this case, the government argues that, because the New Jersey Supreme Court denied certification on October 21, 2004, Petitioner's judgment became final on direct review when the time to file a petition for certiorari in the United States Supreme Court expired 91 days later on January 20, 2005. [Dkt. 9 at 18.]  However, because the Appellate Division remanded to the Law Division for re-sentencing and the Law Division did not re-sentence Petitioner until August 16, 2005, Petitioner's conviction was not final until the "expiration of the time for seeking . . . review" of the amended judgment of conviction in the Appellate Division expired.  Under New Jersey Court Rules, Petitioner had 45 days to appeal to the Appellate Division.  See N.J. Ct. R. 2:4-1(a).  Since Petitioner's amended judgment of conviction was filed on August 16, 2005, the time to appeal to the Appellate Division expired 45 days later on September 30, 2005.  See 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler at *9.  Petitioner's 365-day limitations period began the next day on October 1, 2005, and ran for 153 days until it was statutorily tolled on March 3, 2006, when Petitioner filed his petition for post-conviction relief.  See 28 U.S.C. § 2244(d)(2).

The New Jersey Supreme Court denied certification on post-conviction relief on June 3, 2010, so the statute of limitations picked up the next day, June 4, 2010, at day 154, and ran for

5

the remaining 212 days until it expired on January 3, 2011.  Because Petitioner filed this § 2254 Petition on July 26, 2010, months before the statute of limitations expired, the Petition is timely.

### III.  STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition as follows:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner."  Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).  Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The AEDPA further limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits.  See 28 U.S.C. § 2254(d).  If a claim has been adjudicated on the merits in state court proceedings, § 2254(d) limits habeas relief as follows:

> (d) An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. However, under § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Harrington, 131 S. Ct. at 785 (quoting Williams at 410).[1] As the Supreme Court explained,

---

[1] See also Wright v. Van Patten, 128 S. Ct. 743, 747 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law") (citation and internal quotation marks omitted).

7

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision . . . . Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

Harrington, 131 S. Ct. at 786 (citations and internal quotation marks omitted).

"This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen, 131 S. Ct. at 1398 (citations and internal quotation marks omitted). The petitioner carries the burden of proof, and review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Id.

## IV. DISCUSSION

A. Due Process - Prosecutorial Misconduct (Ground One)

In Ground One, Petitioner contends that prosecutorial misconduct denied due process. [Dkt. 2 at 5.] As factual support, Petitioner asserts that the prosecutor interrupted his testimony by making "repeated, incessant objections," and in her opening statement "ma[de] prejudicial references to the area of the community where the alleged crime occurred (to engender bias against Petitioner)." Id.

(1) Prosecutor's Comments During Opening

Petitioner raised the claim of misconduct based on the prosecutor's comments during her opening on direct appeal, arguing that the prosecutor improperly appealed to the jury's sympathy and potential prejudice when she stated in her opening:

8

> You might ask - you might say to yourself - these facts are unusual.  I mean how could something like this happen in Bergen County.  And you know what, you should feel that way because rape is wrong.  Rape is a crime.  And this should happen to no one.

[Dkt. 9-1 at 13.]  Petitioner further argued that the prosecutor improperly told the jury that "they

should 'feel' that rape is wrong" and she inappropriately referenced Bergen County.  Id. at 15.

> The prosecutor did not just ask how this "unusual" sexual assault could have occurred; she asked how it could have occurred where the jurors lived.  The feelings the prosecutor was trying to evoke were the jurors' feelings and potential prejudices, as Bergen County residents of being geographically violated by Forti and defendant's alleged actions as New Yorkers.  By telling the jury that they could sand should feel that this was wrong, the prosecutor was encouraging the jury to send the message "Stay away from Bergen County."

[Dkt. 9-1 AT 15-16.]

> The Appellate Division rejected this claim on direct appeal as follows:
>
> The remark made by the prosecutor in her opening statement which defendant characterizes as prosecutorial misconduct followed her observation that the facts she would prove were unusual.  She then said "I mean how could something like this happen in Bergen County...."  Defendant moved for a mistrial based on that remark after the opening statement was completed, and the motion was denied.  It is defendant's position then, and his argument to us, that the statement improperly appealed to the jury's passion and emotion.
>
> We reject the argument.  It is well-settled that whether objected to or not, prosecutorial misconduct constitutes grounds for reversal of a conviction only if so egregious as to have deprived the defendant of a fair trial . . . .  We see nothing in the remark in question, particularly in the context of the opening statement as a whole and considering the proofs the prosecutor was prepared to offer, that could possibly be characterized as egregious.  In our view, it was a fleeting, essentially innocuous reference that did not have the capacity to unduly prejudice defendant or in any way distract the jury from its proper focus on the evidence.

Marinez, 370 N.J. Super. at 55 (citations omitted).

  (2) Prosecutor's Objections During Petitioner's Testimony

Petitioner challenged the prosecutor's objections during his testimony in his petition for post conviction relief, and on appeal from the order denying post-conviction relief. The Appellate Division rejected the claim without express comment, but the Law Division opinion rejected the claim as follows:

> [W]ith respect to the merits of defendant's arguments, this Court is of the opinion that defendant was not deprived his right to a fair and impartial trial or right to trial by jury. After review of the record, it does appear that the prosecutor made several objections during defendant's direct testimony. While this Court does acknowledge that by virtue of the interrupting nature of making an objection, testimony is disrupted, it is nevertheless satisfied that in the present case, the jury had the opportunity to seek clarification of any testimony if it so desired. Such clarification was not sought. Nor is there any proof to substantiate defendant's claims that the prosecutor's intention was solely to disrupt and obstruct the defendant's testimony. It is the State's position that its objections were genuine and a direct response to defense counsel's questions and defendant's testimony. Those objections appear to have been sustained by the trial court in the exercise of its discretion . . . . Because this Court does not find a deprivation of defendant's constitutional rights . . . , these arguments must fail.

[Dkt. 9-4 at 107-108.]

Prosecutorial misconduct may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). This occurs only if the misconduct constitutes a "failure to observe that fundamental fairness essential to the very concept of justice." Id. at 642; see also Greer v. Miller, 483 U.S. 756, 765 (1987) (To violate due process, "the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial") (citation and internal quotation marks omitted). It is not enough to show that the prosecutor's conduct was universally condemned. See Darden v. Wainwright, 477 U.S. 168, 181 (1986). The quantum or weight of the evidence is crucial to determining whether the prosecutor's statements before the jury were so

10

prejudicial as to result in a denial of due process.  See Darden, 477 U.S. at 182; Donnelly, 416 U.S. at 644; Moore v. Morton, 355 F.3d 95, 111 (3d Cir. 2001).

Here, neither the prosecutor's opening statement nor her objections (which where sustained) [Dkt. 2 at 7] during Petitioner's testimony infected Petitioner's trial with unfairness as to make the resulting conviction a denial of due process under Donnelly, 416 U.S. at 643.  See Gooding v. Wynder, 2012 WL 207068 (3d Cir. Jan. 25, 2012).  Thus, the New Jersey courts' adjudication of Petitioner's prosecutorial misconduct claims was not contrary to, or an unreasonable application of Supreme Court precedent, and Petitioner is not entitled to habeas relief under Ground One.

B.  Ineffective Assistance of Trial Counsel (Ground Two)

In Ground Two, Petitioner maintains that trial counsel was constitutionally ineffective in failing to investigate and present witnesses:

> [Prior to the alleged rape, w]orkers of the Skyview Motel approached defendant's car while the alleged victim was inside with Forti.  At no time was there any signs of screaming or a struggle or that the alleged victim was being restrained against her will.  Petitioner submit[s] that his counsel performed less than adequate by failing to conduct any investigation, by failing to interview the witnesses and by failing to present them to testify.  Their testimony would have exonerated Petitioner.

[Dkt. 2 at 7.]

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.  The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance.  See Strickland v. Washington, 466 U.S. 668, 686 (1984).

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. See Strickland, 466 U.S. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id.

In analyzing alleged deficient performance, a court "begin[s] with the premise that 'under the circumstances, the challenged action[s] might be considered sound trial strategy,'" Cullen, 131 S.Ct. at 1404 (quoting Strickland at 689). A court "'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Cullen, 131 S.Ct. at 1407 (quoting Strickland at 689-90). Moreover,

> the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy . . . . There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way . . .
>
> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.

Strickland, 466 U.S. at 687, 690-91 (citations and internal quotation marks omitted).

To satisfy the prejudice prong, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.  As the Supreme Court explained,

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

Strickland, 466 U.S. at 695-696.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen, 131 S. Ct. at 1403 (quoting Strickland, 466 U.S. at 686 (emphasis in Cullen).  Habeas review of a state court's adjudication of an ineffective assistance claim is "doubly deferential." Knowles v. Mirzayance, 556 U.S. ___, ___, 129 S.Ct. 1411, 1413 (2009).  To obtain habeas relief, a state petitioner "must demonstrate that it was necessarily unreasonable for the [state c]ourt to conclude:  (1) that [petitioner] had not overcome the strong presumption of competence; and (2) that he failed to undermine confidence in the [outcome]." Cullen, 131 S.Ct. at 1403.  The Supreme Court instructs that a court need not address both components of an ineffective assistance claim "if the defendant makes an

13

insufficient showing on one." Strickland, 466 U.S. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

Petitioner raised the ineffective assistance of trial counsel claim on post-conviction relief. In a written opinion, the Law Division rejected the claim as follows:

> Specifically, the petitioner maintains that the State presented evidence to establish that the victim has been restrained inside of the car in the motel parking lot and that she screamed and resisted.  It is petitioner's position that two motel workers, allegedly cleaning personnel, who were present during the time that defendant and others involved were at the motel, would have called the authorities had they been concerned and reported the incident.  Thus petitioner asserts the failure to present this potentially exculpatory testimony was error and argues that defense counsel's failure deprived him of effective assistance of counsel . . . .
>
>         *                  *                  *
>
> [T]he Court does not find that defense counsel failed to present witnesses in the petitioner's defense.  The defendant, himself, took the stand on his own behalf. With respect to the motel cleaning personnel, testimony was elicited at trial which indicated that the cleaning people who were present that night were no longer employed by the Skyview Motel, that they had returned to India, and that they had been subpoenaed.  Further, defense counsel called a witness who worked with the victim at Jarolyn's bar, was friends with the victim, and gave testimony which favored the defendant's version of the events.

[Dkt. 9-4 at 101-102, 110-111.]

The Appellate Division rejected the claim for failing to satisfy either Strickland prong:

> Defendant focuses on the first prong of Strickland.  Other than references to the motel workers, who apparently were no longer available, defendant fails to demonstrate how the alleged ineffectiveness would meet the second prong of Strickland.  In sum, nothing is presented to establish circumstances requiring our intervention.  We affirm substantially for the reasons set forth in Judge Carroll's thoughtful and thorough written opinion of March 28, 2008.

Marinez, 2010 WL 363775 at *5.

14

Given that the jury believed the victim, instead of Petitioner, this Court finds that the New Jersey courts' rejection of Petitioner's ineffective assistance claim was not contrary to, or an unreasonable application of <u>Strickland</u> and its progeny.  Thus, Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim.

C.  <u>Ineffective Assistance of Appellate Counsel (Ground Three)</u>

Petitioner argues that counsel was ineffective on direct appeal for failing to argue that the prosecutor's incessant objections during Petitioner's testimony violated his right to a fair trial.  Petitioner states as factual support:

> The repeated objections were sustained, even though they were erroneous and prejudiced Petitioner in the eyes of the jury.  Appellate counsel failed to raise this issue on direct appeal.  Deficiency of appellate counsel can be established by showing that counsel failed to raise an issue that was obvious from the trial record.  <u>United States v. Mannino</u>, 212 F. 3d 835, 844 (3d Cir. 2000); <u>United States v. Headley</u>, 923 F.2d 1079, 1084 (3d Cir. 1991).

[Dkt. 2 at 8.]

Petitioner raised this ground in his petition for post-conviction relief and on appeal from the order denying post-conviction relief.  The Appellate Division rejected the claim for the reasons expressed by the Law Division.  See <u>Marinez</u>, 2010 WL 363775 at *2, *5.  The Law Division rejected the claim as follows:

> This Court also rejects defendant's characterization of appellate counsel's performance as deficient.  As the Court noted, objections interrupt testimony by their nature and it does not appear that defendant was precluded from giving testimony.  The jury was instructed that if clarification was necessary with respect to any testimony, it would be provided to them and such clarification was not sought by this jury with respect to defendant's testimony.  Additionally, the Court finds that defendant has failed to provide support for his claims that the prosecutor abused her authority by making meritless objections . . . .  The trial judge ruled on each of the objections and while the defendant disagrees with the rulings, he has failed to demonstrate why these rulings were erroneous in support of his claims.  Because the Court finds that defendant cannot show that any misconduct occurred

15

> by the prosecutor's use of objections and has not set forth any basis upon which to convince this Court that th trial judge's rulings were erroneous, this Court does not find that appellate counsel's failure to raise these arguments on direct appeal equates to the ineffective assistance of [appellate] counsel. Review of the Appellate Division's decision on direct appeal indicates that appellate counsel fervently represented defendant evidenced by the multitude of arguments raised on h is behalf. The fact that this particular argument was not included does not rise to the level of ineffective assistance.

[Dkt. 9-4 at 111-112.]

The Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, Evitts at 396. The ineffective assistance of counsel standard of Strickland, 466 U.S. at 686, applies to a claim that appellate counsel was ineffective. See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002). As the Supreme Court explained in Smith v. Robbins,

> In Jones v. Barnes, 463 U.S. 745 . . . (1983), we held that appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. Notwithstanding Barnes, it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent. See e.g., Gray v. Greer, 800 F.2d 644, 646 (C.A. 7 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome"). With a claim that counsel erroneously failed to file a merits brief [the claim raised in Smith v. Robbins], it will be easier for a defendant-appellant to satisfy the first part of the Strickland test, for it is only necessary for him to show that a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief, rather than showing that a particular nonfrivolous issue was clearly stronger than issues that counsel did present. In both cases, however, the prejudice analysis will be the same.

Smith v. Robbins, 528 U.S. at 288 (footnote omitted).

16

Under the above dicta from Smith v. Robbins, to show deficient performance, Petitioner must "show[] that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." Id. at 288.  In this case, Petitioner must show:  (1) the prosecutorial misconduct claim regarding the prosecutor's objections during Petitioner's trial testimony was nonfrivolous; (2) the issue was clearly stronger than the issues counsel presented on direct appeal; and (3) the state courts' rejection of the claim was contrary to, or an unreasonable application of clearly established Supreme Court holdings.  See Bourne v. Curtin, __ F. 3d __, 2012 WL 75334 at *3 (6th Cir. 2012) ("Bourne must show that the issue his appellate counsel failed to raise was 'clearly stronger' than the issues his counsel did raise - and that the state court lacked a reasonable basis for believing otherwise") (citing Robbins); Showers v. Beard, 635 F. 3d 625, 634 (3d Cir. 2011) ("[C]ounsel need not, and should not, raise every non-frivolous claim but rather may select among them in order to maximize the likelihood of success on appeal . . . . Here, however, without conducting an independent investigation of the need to consult an expert rebuttal witness, counsel ignored an argument going directly to the issue of guilt that is clearly stronger than those presented") (citation and internal quotation marks omitted); Webb v. Mitchell, 586 F. 3d 383, 399 (6th Cir. 2009) ("To establish deficient performance, Webb must demonstrate his appellate counsel made an objectively unreasonable decision by choosing to raise other issues instead of this ineffective assistance of trial counsel issue, meaning that issue was clearly stronger than issues that counsel did present") (citing Robbins); Link v. Luebbers 469 F. 3d 1197, 1205 (8th Cir. 2006) (same).

Given that the trial judge sustained the objections the prosecutor made during Petitioner's testimony and the Appellate Division did not overturn these rulings, Petitioner has not shown

that the prosecutorial misconduct issue regarding objections was nonfrivolous or stronger than the issues that counsel raised on direct appeal.[2]  Nor has he shown prejudice, given that the objections were sustained.  Thus, he has not shown that the New Jersey courts' rejection of this ineffective assistance of appellate counsel claim was contrary to, or an unreasonable application of clearly established Supreme Court precedent.

D.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### V.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition and denies a certificate of appealability.

s/ Faith S. Hochberg<br>
**FAITH S. HOCHBERG, U.S.D.J.**

DATED:  January 31, 2012

---

[2] Moreover, since the Appellate Division published its direct appeal opinion and modified the sentence, appellate counsel presumably raised strong issues on direct appeal.